FILED

**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

14 OCT -3 PM 12: 16

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS. FLORIDA

ESTATE OF CYNTHIA MOCERI

    Plaintiff,

vs.

RATNER COMPANIES, LC, a Foreign
Corporation, and METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendants.

_____/

CASE NO:_____

2:14cv579-FiM-29CM

## COMPLAINT

COMES NOW, the Plaintiff, Estate of Cynthia Moceri ("Moceri") by and

through its undersigned counsel and hereby brings this action against Ratner

Companies, LC, a foreign corporation, ("Ratner") and Metropolitan Life Insurance

Company ("Met Life") and states as follows:

### Nature of Case

1.      This is an action for damages to redress deprivation of rights secured

by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. 1161, *et. seq.*,

as amended by the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"),

29 U.S.C. 1161, et. seq.

2.      Under COBRA, an employer must notify the administrator within 30

days of the Qualifying Event (i.e. termination). And in turn the administrator must

provide a terminated employee with notification of his or her right to receive

continued health insurance benefits ("COBRA Notification") within 14 days.

## Parties, Jurisdiction and Venue

3.      At all times material hereto, Moceri was an employee of Ratner in the State of Florida.  On or about October 1, 2013, Moceri passed away.  The Estate of Moceri was opened on or September 9, 2013 and is styled IN THE CIRCUIT COURT FOR LEE COUNTY, FLORIDA, PROBATE DIVISION, In Re: Estate of Cynthia Moceri, Case No. 14-CP-001718.

4.      At all times material hereto, Ratner was a business entity doing business in the State of Florida, but has its corporate offices located at 1577 Spring Hill Road, Suite 500, Vienna, VA 22812.

5.      Moceri was an employee of Ratner and was a participant in a Group Health Insurance Plan offered by Ratner.

6.      Moceri was an employee of Ratner and was a participant in a Group Life Insurance Policy offered by Ratner where her life was insured in the amount of $70,000.  The life insurance policy was issued by Met Life.

7.      At all material times hereto, Ratner employed twenty or more employees and therefore was subject to the notice requirements of COBRA under 29 USC 1161.

8.      The unlawful practices alleged herein were committed by Ratner in the State of Florida.

9.      This Court has jurisdiction over the actions asserted herein pursuant to 29 USC 1132.  Venue is proper in this district pursuant to 28 U.S.C. 1391.

## General Allegations

10.     Moceri was an employee of Ratner at its location located at 10011 Estero Town Commons Pl, Estero, FL from on or around October 3, 2011 until her termination on or about July 31, 2013 when Ratner closed the location where Moceri was working.

11.     At the time of her termination, Ratner knew or should have known that Moceri was terminally ill.

12.     Moceri's termination on or about July 31, 2013, was a "qualifying event" as defined by 29 U.S.C. 1163.

13.     Although Ratner was aware of Moceri's need for health insurance, it failed to notify the administrator of the Qualifying Event within 30 days and therefore, Moceri never received a COBRA Notification.

14.     As a Plan Administrator, Ratner, failed to notify Moceri of her right of continuation of benefits under COBRA.

15.     Had Moceri received the COBRA Notification in a timely manner, she would have exercised her right to continued health insurance coverage under COBRA.

16.     Ratner mailed to Moceri, on September 25, 2013, a notice of election to continue her life insurance coverage under her group life insurance policy. Said Notice was mailed to Moceri at 15851 Canaan Drive, Ft. Myers, FL 33908. Said Notice was only received by Moceri on or about October 3, 2013 at Moceri's new address of 4712 SE 1st Place, Apt 3, Cape Coral, FL 33904. Moceri had already passed away on October 1, 2013.

17.     Plaintiff as beneficiary of the death benefits under the life insurance policy, has demanded payment of the death benefit but has been refused.

18.     Met Life and Ratner, have willfully failed and refused to pay the death benefit to Plaintiff, and have breached their contract with Moceri in violation of its rights protected by ERISA.

19.     Moceri has filed several appeals with Met Life of the death benefit denial, and has exhausted her administrative remedies.

20.     Had Moceri timely received her Notice of ability to continue her life insurance coverage, she would have elected to do so given her terminal illness. Upon her death, Moceri requested life insurance benefits from Met Life which were denied.

21.     Moceri has retained the undersigned counsel and has agreed to pay them a reasonable fee for their services.

22.     All conditions precedent to the bringing of this action have been performed, waived or excused.  Moceri has fully exhausted all administrative remedies under ERISA as to the life and health insurance coverages.

**Count I**
**(Failure to Send Notice of COBRA Rights)(As to Ratner Only)**

23.     Moceri, realleges and reavers the allegations contained in paragraphs 1 through 22  as if fully set forth herein.

24.     Moceri was a covered employee under COBRA.

25.     Ratner breached its fiduciary duty as an employer/plan sponsor by failing to provide the administrator with Notice of Moceri's termination (ie. Qualifying Event).

26.     Ratner breached its fiduciary duty as the administrator by failing to provide the required notice to Moceri for her to elect the continuation of her insurance coverage.

27.     Pursuant to 29 CFR 2575.502c-1, an administrator who failed to provide the requisite COBRA notification may be liable to a participant/beneficiary for up to $110 per day from the date of such failure.

28.     As a result of Ratner's violation of the COBRA statute, Moceri is entitled to recover damages in the amount of $110 per day from the date that Ratner violated the COBRA statute to the present and continuing until the COBRA Notification is effected.

29.     Moreover, Moceri is entitled to recover all the medical expenses she has incurred due to Ratner's COBRA violations and other appropriate relief to be determined at trial.

30.     Moceri is further entitled to all of its attorneys' fees and costs pursuant to 29 USC 1132(g)(1).

WHEREFORE, Moceri, seeks entry of a judgment against Ratner for an award of all reasonable medical expenses incurred that were not covered, for the statutory violation of $110 per day, for reasonable attorney's fees and court costs and for any other relief this Court deems just and proper under the circumstances.

**Count II**
**(Breach of Fiduciary Duty Failure to Provide Timely Notice**
**of Life Insurance Continuation)(as to All Defendants)**

31.     Moceri, realleges and reavers the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

32. Pursuant to 29 U.S.C. Section 1104(a)(1)(B),

A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and with care, skill, prudence and diligence under the circumstances then prevailing that a prudent main acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

33. Ratner and Met Life breached its fiduciary duty as Employer/Plan Sponsor by failing to provide timely notice of life insurance continuance rights to Moceri.

34. As a result of the breach of fiduciary duty by Ratner and Met Life , Moceri has suffered damages in the amount of $70,000 the face value of the life insurance policy.

WHEREFORE, Moceri seeks entry of a judgment against Ratner and Met Life in the amount of $70,000, for reasonable attorneys' fees and court costs and for any other relief this Court deems just and proper under the circumstances.

*Respectfully submitted,*

*/s/ Scott M. Behren*
Scott M. Behren
Behren Law Firm
Fla. Bar. No. 987786
2893 Executive Park Drive, Suite 110
Weston, FL 33331
(954) 636-3802
Fax: (772) 252-3365
scott@behrenlaw.com

AND

*/s/ Kamilah L. Perry*
Kamilah L. Perry, Esq.
Perry Law Group
Fla. Bar. No. 0597937
4830 West Kennedy Blvd.

Suite 600
Tampa, FL 33609
(813) 509-2500
Fax: (813) 441-7444
kperry@perrylawfla.com