```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

CYNTHIA MOCERI, estate of,

    Plaintiff,

v.                                Case No: 2:14-cv-579-FtM-29CM

RATNER COMPANIES, LC, a foreign corporation and METROPOLITAN LIFE INSURANCE COMPANY,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant Metropolitan Life Insurance Company's Motion to Dismiss (Doc. #21) filed on January 5, 2015. Plaintiff filed a Response (Doc. #26) on January 27, 2015 to which Defendant filed a Reply (Doc. #31) on March 2, 2015. For the reasons set forth below, the motion is granted.

**I.**

Plaintiff, the Estate of Cynthia Moceri (Moceri), has filed a two-count Complaint (Doc. #1) against Defendants Ratner Companies, LC (Ratner) and Metropolitan Life Insurance Company (MetLife) alleging breach of fiduciary duty in connection with rights secured by the Employee Retirement Income Security Act (ERISA) and the Comprehensive Omnibus Budget Reconciliation Act

(COBRA). The underlying facts, as set forth in the Complaint, are as follows:

Moceri was employed by Ratner from October 2011 until her termination in July 2013. (Id. at ¶ 10.) Upon her termination, Rater was required to notify Moceri that she had a right to continue her health insurance coverage pursuant to COBRA, but Ratner failed to do so. (Id. at ¶¶ 11-14.) Had Moceri received the required notification, she would have elected to continue her health insurance coverage. (Id. at ¶ 15.)

While she was employed by Ratner, Moceri was a participant in a Group Life Insurance Policy offered by Ratner, through which Moceri obtained a life insurance policy issued by MetLife. (Id. at ¶ 6.) Upon her termination, Ratner and MetLife did not timely notify Moceri of her right to continue her life insurance coverage. (Id. at ¶ 16.) The notice did not arrive until October 3, 2013, two days after Moceri passed away. Had she received timely notice, Moceri would have opted to continue her life insurance coverage. (Id. at ¶ 20.) Because she did not continue her coverage, MetLife has refused to pay the $70,000 to which Moceri would otherwise be entitled under the insurance policy. (Id. at ¶ 17.)

MetLife now moves to dismiss Count II,[1] arguing that it had no duty to notify Moceri of her life insurance continuation rights

---

[1] Count I is brought against Ratner only.

and, therefore, its alleged failure to do so in a timely fashion cannot support a cause of action for breach of fiduciary duty. Moceri responds that Count II is adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

In Count II, Moceri alleges that MetLife owed her a fiduciary duty to provide timely notice of her life insurance continuance rights, and that MetLife breached that duty by waiting months before providing her notice. In support of this allegation, Moceri cites ERISA's standard of care provision, which provides that:

> "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

29 U.S.C. § 1104(a)(1)(B). MetLife acknowledges that any ERISA duties it owed to Moceri must be discharged in accordance with that standard. However, MetLife argues that the duty to provide timely notice of continuance rights is not among them.

4

Moceri does not cite, and the Court was unable to locate, any statutory basis for the duty Moceri seeks to enforce against MetLife. To the contrary, other courts have held that ERISA *does not* create such a duty. Walker v. Fed. Exp. Corp., 492 F. App'x 559, 566 (6th Cir. 2012) ("ERISA does not contain any provision that requires a plan administrator to provide notice to plan participants other than a summary plan description and information of the benefits plan as discussed under 29 U.S.C. §§ 1021(a)(1) and 1022."); see also Prouty v. Hartford Life & Acc. Ins. Co., 997 F. Supp. 2d 85, 91 (D. Mass. 2014) ("Other courts who have addressed the issue of whether Plan Administrators and insurers are required to provide plan participants with post-termination notice of life insurance conversion rights have found no such requirement.") (collecting cases).

Nevertheless, even if ERISA does not itself mandate written notice of continuance rights, an insurer must provide such notice if the policy in question so requires. See Canada Life Assur. Co. v. Estate of Lebowitz, 185 F.3d 231, 235-36 (4th Cir. 1999) ("[S]ince the plain language of Canada Life's Policy documents requires such written notice, Canada Life was required to give Lebowitz written notice."). However, Moceri does not allege that the documents governing her policy required MetLife to provide notice of continuance rights, nor was the Court able to locate any

5

such provision.[2]  Accordingly, the Court concludes that Moceri has failed to adequately allege that MetLife had a duty to notify her of her continuance rights.  Therefore, Count II will be dismissed without prejudice.  Moceri will be given leave to amend.

Accordingly, it is now

**ORDERED:**

Defendant Metropolitan Life Insurance Company's Motion to Dismiss (Doc. #21) is **GRANTED**.  Count II of the Complaint (Doc. #1) is **dismissed** as to Defendant Metropolitan Life Insurance Company **without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[2] MetLife provided the governing document as an attachment to its Reply in support of its motion.  (Doc. #31-1.)  The Court may properly consider the Plan in the context of MetLife's motion to dismiss because it is central to Moceri's case and neither party disputes its authenticity.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).